# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

PEDRO RASHAD JOHNSON                                                      PLAINTIFF
ADC #149892

V.                   No. 4:20-CV-00404-KGB-JTR

CATHY PAULK, Corporal,
Tucker Unit, *et al*.                                                  DEFENDANTS

## **RECOMMENDED DISPOSITION**

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

On April 13, 2020, Plaintiff Pedro Rashad Johnson ("Johnson") filed a *pro se* § 1983 Complaint alleging that, on July 19, 2017, he was sexually assaulted by an unsupervised inmate porter while incarcerated in the Tucker Unit of the Arkansas Division of Correction ("ADC"). *Docs. 2.* According to Johnson, the porter was able

to enter his cell to commit the sexual assault because of a defective lock on the cell door. *Doc. 2 at 5*.

In his Complaint, Johnson asserts the following claims: (1) Defendants Corporal Cindy Paulk ("Paulk"), Lieutenant Telly Gray ("Gray"), Captain Ronald D. Bailey ("Bailey"), Chief of Security Rodney X. Ford ("Ford"), Deputy Warden Linda Dykes ("Dykes"), and Warden Joe Page III ("Page) failed to protect him by not repairing the lock on his cell door, which he previously reported to be broken; (2) Paulk failed to properly supervise the inmate porter that sexually assaulted him; (3) Paulk, Bailey, and Ford failed to properly obtain medical care for him after the sexual assault; (4) Paulk, Gray, Bailey, Ford, Dykes, and Page failed to conduct safety inspections of his housing area; and (5) Paulk, Gray, Bailey, Ford, Dykes, Page, and Deputy Director Marshall Dale Reed ("Reed") violated his due process rights during the internal investigation of the sexual assault. *Doc. 2 at 5-20*.

On April 22, 2020, Johnson filed an Addendum to his Complaint and added a claim that Reed retaliated against him for filing grievances about the sexual assault by having him transferred to the Cummins Unit, where he was labeled a sexual predator and "locked down." *Doc. 4 at 1-2*.[1]

---

[1] Read together, Johnson's Complaint and Addendum constitute his claims. *See Kiir v. N.D. Pub. Health*, 651 F. App'x 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint).

Defendants have filed a Motion for Summary Judgment, Statement of Undisputed Material Facts, and Brief in Support, arguing that Johnson failed to fully and properly exhaust his administrative remedies on any of the claims he has asserted against them in this lawsuit. *Docs. 47-49*.[2]

According to Defendants, Johnson previously asserted *the same claims* arising from the alleged July 19, 2017 sexual assault in a § 1983 action he initiated in 2017. *See Johnson v. Bailey, et al.*, Case No. 5:17-cv-00328-DPM. In that case, United States District Judge D. P. Marshall, Jr. dismissed all of Johnson's claims based on his failure to properly exhaust grievance TU-17-00595, which raised the same claims he now seeks to pursue in this action. *See* Case No. 5:17-cv-00328-DPM, *Docs. 52, 55 & 56*. Because Johnson did not pursue an appeal, Judge Marshall's decision is now final.[3]

---

[2] On December 3, 2021, the Court, in the interest of judicial economy, granted Defendants' second Motion for Leave to File a Belated Motion for Summary Judgment on the Issue of Exhaustion. *Docs. 45 & 46*. The Clerk docketed Defendants' proposed Motion for Summary Judgment, Statement of Undisputed Facts, and Brief in Support as docket entries 47, 48, and 49. The relevant documents supporting Defendants' Motion for Summary Judgment on the Issue of Exhaustion are attached to Defendants' Motion for Leave as Exhibits A through M (*Docs. 45-1 – 45-10*).

[3] *Res judicata* prevents the relitigation of a claim on grounds that were raised or could have been raised in a prior action. *Followell v. United States*, 532 F.3d 707, 708 (8th Cir. 2008). Collateral estoppel prevents relitigation of an issue which was previously decided in another case. *Harben v. Dillard*, 2010 WL 3893980 (E.D.Ark.2010). *See King v. Outlaw*, No. 2:11-CV-00145-DPM, 2012 WL 1415465, at *3 (E.D. Ark. Apr. 4, 2012), *report and recommendation adopted*, No. 2:11-CV-145-DPM-JTK, 2012 WL 1418092 (E.D. Ark. Apr. 24, 2012) (concluding plaintiff's exhaustion arguments were barred by *res judicata* and collateral estoppel because they had previously been litigated in plaintiff's prior case). Accordingly, those legal doctrines now bar Johnson from relying on TU-17-00595 to establish that he fully and properly exhausted his administrative remedies on those same claims.

On December 16, 2019, a year after Judge Marshall dismissed these same claims, based on Johnson's failure to exhaust, he submitted three new grievances—Grievances TU-19-01031, TU-19-01032, and TU-19-01033—in a belated attempt to exhaust his administrative remedies and thereby preserve his claims related to the 2017 sexual assault.

Under the ADC's grievance procedures, a Step One informal resolution must be filed *within 15 days after the incident giving rise to the problem or complaint*. *See* ADC Administrative Directive 14-16 ("AD 14-16") at § IV(E)(1). Because the three grievances Johnson now seeks to rely on to establish his exhaustion of administrative remedies were initiated *over two years after the July 19, 2017 incident*, Defendants argue, as a matter of law, that none of those grievances were *fully and properly exhausted* as required by AD 14-16 at § IV(E)(1). *Doc. 49 at 6-7*.

In support of their exhaustion argument, Defendants rely on the following documents: (1) Johnson's Deposition, in which he *admits* that this case raises *the same claims* he previously asserted in *Johnson v. Bailey, et al.*, Case No. 5:17-cv-00328-DPM (*Doc. 45-1*); (2) a copy of TU-17-00595, the grievance Johnson initiated in 2017 in connection with the 2017 sexual assault, which Judge Marshall later determined was not fully and properly exhausted (*Doc. 45-2*); (3) copies of the three December 16, 2019 grievances Johnson now seeks to rely on to establish his exhaustion of administrative remedies on the same claims he previously attempted

to pursue in Case No. 5:17-cv-00328-DPM (*Docs. 45-3 – 45-5*); (4) the verified Declaration of ADC Inmate Grievance Coordinator Terri Grigsby Brown ("Brown") (*Doc. 45-8*); (5) the verified Declaration of ADC Grievance Coordinator Shelly Byers ("Byers") (*Doc. 45-9*); (6) AD 14-16 (*Doc. 45-7*); and (7) Judge Marshall's earlier decision in Case No. 5:17-cv-00328-DPM (*Doc. 45-10*).[4]

Johnson has filed a Response, Brief in Opposition, and his own verified Declaration (*Docs. 55-57*). Pursuant to Local Rule 56.1,[5] all facts alleged by Defendants in their Statement of Undisputed Facts (*Doc. 48*) which were not specifically controverted in Johnson's Declaration are now deemed admitted.

For the reasons explained below, Defendants' Motion for Summary Judgment should be granted, and all of Johnson's claims against all Defendants should be

---

[4] In that case, Judge Marshall adopted the Recommended Disposition of United States Magistrate Judge Patricia S. Harris, and dismissed all of Johnson's claims, without prejudice, *for failure to exhaust*. *See* Case No. 5:17-cv-00328-DPM, *Docs. 52, 55 & 56.*

[5] Local Rule 56.1 provides, in relevant part:
In addition to the requirements set forth in Local Rule 7.2, the following requirements shall apply in the case of motions for summary judgment.
(a) Any party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried.
(b) If the non-moving party opposes the motion, it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine dispute exists to be tried.
(c) All material facts set forth in the statement filed by the moving party pursuant to paragraph (a) *shall be deemed admitted unless controverted by the statement filed by the non-moving party* under paragraph (b).
(Emphasis added).

5

dismissed, without prejudice, based on his failure to properly exhausted his administrative remedies.

## II. Discussion

A.   **ADC's Policies, Directives and Rules Governing Exhaustion**

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies *before* filing a § 1983 action: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 88-91 (2006).

Finally, to satisfy the PLRA's exhaustion requirement, prisoners must: (1) *fully and properly* exhaust their available administrative remedies *as to each claim* in their complaint; and (2) complete the exhaustion process *before* initiating a § 1983 action in federal court raising those claims. *Jones,* 549 U.S. at 211, 219-20, 223-24; *Woodford,* 548 U.S. at 93-95; *Burns v. Eaton,* 752 F.3d 1136, 1141-42 (8th Cir.

2014); *Johnson v. Jones,* 340 F.3d 624, 626-28 (8th Cir. 2003). Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, Johnson was required to comply with the ADC's exhaustion requirements as to each of his claims *before* he could properly pursue those claims in this § 1983 action.

The relevant ADC directives and regulations governing exhaustion require that, in connection with each claim, a prisoner must, among other things: (1) "specifically name each individual involved;" (2) state only one problem or issue per grievance; (3) include a "brief statement that is specific as to the substance of the issue or complaint to include the date, place [and] personnel involved or witnesses;" and (4) *comply with all applicable filing deadlines at each step of the exhaustion process*. See AD 14-16, § IV(C)(4), (D)(2), & (E)(2).[6]

---

[6] If an ADC inmate wishes to grieve more than one issue, he or she "must use a separate [grievance] form for each issue[, as] [o]nly one issue will be addressed in the response to a grievance." *Id.* at § IV(D)(2). Finally, the ADC's policy cautions prisoners that, if they fail to "exhaust their administrative remedies *as to all defendants at all levels* of the grievance procedure … their lawsuits or claims may be dismissed immediately" under the PLRA. *Id.* at § IV(N) (emphasis added); *see also Id.* at § IV(C)(4) & (D)(2) (both advising inmates to fully exhaust a grievance *before* filing a lawsuit).

Thus, with respect to each of his claims against Defendants in this action, Johnson was required to fully and properly exhaust the ADC's three-step administrative grievance process. *Id.* at §§ IV(D)-(G). This required him to file: (1) a "Step One" informal resolution naming each Defendant and raising each of his claims, *within 15 working days of the incident*; (2) a "Step Two" formal grievance raising each claim with the Warden, within three working days of the denial of the informal resolutions for each of his claims; and (3) a "Step Three" appeal to the ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's Decision on each of his grievances. *Id.*

**B.   The Three Grievances Johnson Filed in 2019 Did Not Timely and *Properly Exhaust* His Administrative Remedies On Any of the Claims He Now Seeks to Pursue in Connection with an Alleged Sexual Assault that Took Place *in July of 2017***

Johnson admits that he is *not* relying on TU-17-00595 to establish that he fully and properly exhausted his administrative remedies on the claims he is asserting in this action. *Doc. 56 at 3*.[7] Instead, he argues that he exhausted his administrative remedies on those claims in three grievances—TU-19-01031, TU-19-01032, TU-19-01033—which he filed over two years *after* the alleged 2017 sexual assault. *Id.*

---

[7] As previously mentioned, in Case No. 5:17-cv-00328-DPM, Judge Marshall considered TU-17-00595 and concluded that, because it failed to specifically name any of the Defendants other than Bailey and lacked specificity about *any* of Johnson's alleged claims, Johnson could not rely on that grievance to establish that he fully and properly exhausted his administrative remedies on *any* of his claims related to the alleged 2017 sexual assault. *Johnson v. Bailey, et al.*, Case No. 5:17-cv-00328-DPM, *Docs. 52, 55 & 56*. These are the *same claims* Johnson now seeks to resurrect, years later, in this action.

ADC Administrative Directive 14-16 requires prisoners, at Step One of the exhaustion process, to file an Informal Resolution "*within 15 days after the occurrence of the incident*." AD 14-16 at § IV(E)(1) (emphasis added). All of the grievances Johnson now seeks to rely on to establish exhaustion were initiated as Informal Resolutions filed approximately two and a half years after the July 19, 2017 sexual assault incident. Thus, because TU-19-01031, TU-01032, and TU-19-01033 were all *untimely*, they were all denied without being decided *on the merits*. Accordingly, Johnson cannot rely on those grievances to establish that he *properly exhausted* his available administrative remedies on any of the claims he is asserting in this action. *See Woodford*, 548 U.S. at 83-84 (a prisoner cannot satisfy the PLRA's exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal"); *Id. at 90-91* ("proper" exhaustion means "using all steps that the agency holds out, and doing so *properly*") (emphasis in original, citation omitted).[8]

---

[8] Johnson claims that his December 16, 2019 grievances should be allowed because they were based on "newly discover[ed] evidence." *Doc. 55 at 2*; Docs. *45*-3, *45*-4, & *45*-5. However, the 2019 grievances do not contain any "new evidence." *Brown Decl.*, Doc. *45*-8 at 3-4. Rather, the "new" evidence consists of investigation reports, from 2017, regarding the alleged July 19, 2017 sexual assault. *Doc. 45-6*. These investigation reports are not new and had absolutely *no* impact on Johnson's ability to properly exhaust the administrative remedies on his claims during the 15 day period following the July 19, 2017 incident.

9

### C. Johnson Also Did Not Properly Exhaust His Retaliation Claim Against Reed

On April 22, 2020, eight days after he initiated this action, Johnson filed an Addendum to his Complaint adding a retaliation claim against Reed. *Doc. 4*. This retaliation claim was not raised by Johnson in *Johnson v. Bailey, et al.*, Case No. 5:17-cv-00328-DPM.

According to Johnson's Addendum, he delayed filing this retaliation claim until after he "finally received the last step of the grievance procedure." *Id. at 1*. However, the grievance documents attached to Johnson's Addendum clearly reflect that the Deputy Director's Decision denying Johnson's Step Three appeal of this retaliation claim is dated April 14, 2020, one day *after* Johnson initiated this action on April 13, 2020. *Id. at 5*; *Doc. 2*.

Because Johnson initiated this action before he completed fully exhausting this retaliation claim, it also should be dismissed, without prejudice. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing . . . to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.") (Emphasis in the original).

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendants' Motion for Summary Judgment (*Doc. 47*) be GRANTED, and this case be DISMISSED, WITHOUT PREJUDICE, based on Johnson's failure to properly exhaust his administrative remedies on any of the claims he is asserting in this action.

DATED this 1st day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE