IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PEDRO RASHAD JOHNSON**  **PLAINTIFF**
ADC #149892

v.     Case No. 4:20-cv-00404-KGB

**CATHY PAULK, Corporal,**
Tucker Unit, *et al.*     **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 62). Plaintiff Pedro Rashad Johnson has filed objections to the Recommended Disposition (Dkt. No. 63). After careful consideration of the Recommended Disposition, the objections, and a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 62).

**I.     Background**

Mr. Johnson filed this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that on July 19, 2017, he was sexually assaulted by an unsupervised inmate porter while incarcerated at the Tucker Unit of the Arkansas Division of Correction ("ADC") (Dkt. No. 2). Mr. Johnson filed an addendum to his complaint to add a claim that defendant Marshall Dale Reed retaliated against him for filing grievances about the sexual assault by having him transferred to the Cummins Unit, where he was labeled a sexual predator and "locked down." (Dkt. No. 4, at 1-2). Defendants Cathy Paulk, Telly Gray, Ronald D. Bailey, Rodney X. Ford, Linda Dykes, Joe Page, III, and Mr. Reed move for summary judgment on the issue of exhaustion of administrative remedies (Dkt. No. 47).

Mr. Johnson previously asserted claims arising from the July 19, 2017, sexual assault in a § 1983 action Mr. Johnson initiated in 2017. *See Johnson v. Bailey, et al.*, Case No. 5:17-cv-00328-DPM. In that case, United States District Judge D.P. Marshall, Jr. dismissed all of Mr. Johnson's claims based on Mr. Johnson's failure to exhaust properly grievance TU-17-00595, which raised the same claims he now seeks to pursue in this lawsuit. *Id.* at Dkt. Nos. 52; 55; and 56. Mr. Johnson did not appeal Judge Marshall's decision.

On December 16, 2019, a year after Judge Marshall dismissed Mr. Johnson's claims in the 2017 lawsuit, Mr. Johnson submitted three new grievances: TU-19-01031, TU-19-01032, and TU-01033 in a belated attempt to exhaust his administrative remedies related to the July 19, 2017, sexual assault incident.

## II.     Recommended Disposition

Judge Ray recommends granting defendants' motion for summary judgment based on failure to exhaust administrative remedies and dismissal of this case without prejudice (Dkt. No. 62, at 11). The Prison Litigation Reform Act ("PLRA") requires courts to dismiss any claim that was not fully exhausted prior to the date the lawsuit was filed (*Id.*, at 2). *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory"). An inmate's subjective beliefs regarding exhaustion are irrelevant in determining whether administrative procedures are available (Dkt. No. 24, at 2). *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Judge Ray notes that ADC Administrative Directive 14-16 was in effect when Mr. Johnson's claims arose and that policy requires inmates to file their unit-level form within 15 days of the incident giving rise to the grievance (Dkt. No. 62, at 8). The policy also requires that inmates comply with all applicable filing deadlines at each step of the exhaustion process (*Id.*, at 7). Mr. Johnson lodged his three new grievances related to the July 19, 2017, incident over two years after the alleged sexual assault. Judge Ray concludes that Mr. Johnson's three grievances were not timely filed and that, therefore, Mr. Johnson did not exhaust his administrative remedies on any of the claims he now seeks to pursue in connection with the alleged July 2017 sexual assault (Dkt. No. 62, at 8-9). Further, Judge Ray concludes that Mr. Johnson did not exhaust properly his retaliation claim against Mr. Reed because he did not complete the grievance process until after he filed his lawsuit against Mr. Reed (Dkt. No. 62, at 10).

The Court writes separately to address Mr. Johnson's objections (Dkt. No. 63). The Court understands Mr. Johnson to argue that he fully exhausted his grievances TU-19-01031, TU-19-01032, and TU-19-01033. There is, however, no evidence on the record before the Court that Mr. Johnson fully exhausted these grievances at all levels of the ADC grievance policy, and the ADC Inmate Grievance Coordinator stated that Mr. Johnson failed to exhaust any grievances as to defendants relating to this incident (Dkt. No. 45-8, ¶ 16). Further, the Court cannot ignore that Mr. Johnson's grievances were not timely under the ADC's grievance policy. Mr. Johnson's arguments fail to rebut Judge Ray's findings. In *Woodford*, the Supreme Court clarified that prisoners cannot satisfy the PLRA's exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." 548 U.S. at 83-84. Mr. Johnson's untimely administrative grievances failed to meet the PLRA's exhaustion requirement, and the

fact that his appeal went up the chain of command part of the way does not transform his unexhausted grievance into an exhausted one.

Accordingly, the Court overrules Mr. Johnson's objections and adopts Judge Ray's Recommended Disposition as its own findings in all respects (Dkt. No. 62).

### V.     Conclusion

It is therefore ordered that:

1. The Court adopts the Recommended Disposition in its entirety as this Court's findings in all respects (Dkt. No. 62).

2. The Court grants defendants' motion for summary judgment (Dkt. No. 47).

3. Mr. Johnson's complaint and addendum are dismissed without prejudice for failure to exhaust his administrative remedies (Dkt. Nos. 2; 4).

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

So ordered, this 29th day of August, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge
